IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| CHERI J. JONES | : | CASE NO: 16-14506ELF |
| | : | |
| Debtor | : | |
| _____ | : | |

**DEBTOR'S MOTION TO DETERMINE MORTGAGE PAYMENT**

The Debtor, through counsel, responds to the Notice of Mortgage Payment filed on July 10, 2019, by US Bank Trust, N.A., as trustee for Bungalow Series III Trust ("US Bank Trust"), acting through its servicer, BSI Financial Services (collectively, "BSI") pursuant to Fed. R. Bankr. P. 3002.1 and seeks an order determining whether a change in mortgage payment is required to maintain payments in accordance with 11 U.S.C. § 1322(b)(5). In support of this motion the debtor states as follows:

1. The Debtor filed the instant voluntary petition under chapter 13 of the Bankruptcy Code on June 24, 2016.

2. Debtor's First Amended Plan providing for, *inter alia*, a curing of pre-petition mortgage arrears to BSI was confirmed on January 12, 2017. Doc. Nos. 13, 16.

3. On the Petition date, Debtor and undersigned counsel called Statebridge, which was the servicer of the mortgage loan at issue on the petition date. Debtor and her counsel spoke to a Statebridge representative, informed Statebridge of the bankruptcy filing, and asked for the correct postpetition mortgage payment amount to be made for July 2016. The Statebridge representative informed Debtor and her counsel that the July 2016 payment amount was $825.36. This amount was consistent with a December 2015 mortgage statement in Debtor's possession.

4.      Effective October 25, 2016, BSI began servicing the mortgage. Proof of the servicing transfer is attached to Proof of Claim No. 5, filed on behalf of predecessor-in-interest to US Bank Trust, Wilmington Savings Fund Society, FSB, Not In Its Individual Capacity But Solely As Trustee Of The Primestar-H Fund I Trust.[1]

5.      The postpetition monthly amount of $825.36 was reflected by BSI as recently as August 17, 2018 in a periodic mortgage statement sent by BSI to Debtor's counsel and attached as Exhibit A.

6.      On July 10, 2019, BSI filed a Notice of Mortgage Payment Change (the "July 10 Notice") purporting to change the monthly postpetition mortgage payment to $1,013.27. A copy of the July 10 Notice is attached as Exhibit B.

7.      An escrow analysis dated June 16, 2019, is attached to the July 10 Notice. Page two of that analysis indicates that the prior postpetition payment was $1,691.16, despite the fact that the July 10 Notice is the first Notice of Mortgage Payment change filed in this case.

8.      Indeed, beginning September 18, 2018, BSI began sending Debtor's counsel periodic mortgage statements showing a postpetition payment of $1,691.16, despite the fact that BSI failed to comply with Fed. R. Bank. P. 3002.1 for that alleged increase.

9.      On October 10, 2018, BSI returned Debtor's October mortgage payment of $825.36, alleging that it was no longer the servicer for the loan and would return any payments sent to it. A copy of this letter is attached as Exhibit C.

10.     Despite the above denial, BSI has continued to send periodic mortgage statements to Debtor's counsel and filed the July 10 Notice. As a result of BSI's refusal, Debtor has esrowed

---

[1] A transfer of claim was filed on June 24, 2019. Doc. No. 50.

mortgage payments of $825.36 for the months of October 2018 through July 2019 in her counsel's Interest on Lawyer Trust Account ("IOLTA").

11. This is not the first time BSI has engaged in fraud before this Court. On November 27, 2017, it filed a fraudulent Motion for Relief from the Automatic Stay, in which it misrepresented both the amount of the postpetition mortgage payment and fraudulently alleged that Debtor had missed payments. Doc. No. 21. BSI later withdrew the stay relief motion after Debtor filed a lengthy and detailed response. Doc Nos. 23 and 26.

12. Upon information and belief, BSI has not corrected its accounting records to reflect the bankruptcy, the confirmed plan, or the postpetition mortgage payments made to the prior servicer, Statebridge. As such, it has likely been misapplying Debtor's postpetition mortgage payments and/or the Trustee's disbursements. Its records also are incorrect due to its wrongful refusal to accept Debtor's payments.

13. As a result of the above conduct, Debtor's counsel is in the process of preparing and adversary complaint seeking, *inter alia*, to enforce the confirmed plan.

WHEREFORE, Debtor prays that this Court enter an Order:

a. Striking the Notice and disallowing any further mortgage payment change without first seeking Court approval; and

b. Finding that the postpetition mortgage payment amount is $825.36.

/s/ Alfonso G. Madrid
ALFONSO MADRID, ESQ.
Attorney for Debtor
757 South 8th St.
Philadelphia PA 19147
(215) 925-1002
(215) 689-4809 (fax)
alfonsomadrid.esq@gmail.com