# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 16-14506 |
| | : | |
| CHERI J. JONES | : | Chapter 13 |
| | : | |
| Debtor | : | Document No. |
| | : | Related to Document No. 52 |
| CHERI J. JONES, | : | |
| | : | Hearing Date: September 10, 2019 – 1:00 p.m. |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| BSI FINANCIAL SERVICES, | : | |
| | : | |
| Respondent. | : | |

## **RESPONSE TO MOTION TO DETERMINE MORTGAE PAYMENT**

AND NOW comes the Respondent, BSI Financial Services ("BSI") and submits the within Response to Motion to Determine Mortgage Payment, and in support thereof avers as follows:

1. Movant's Paragraph 1 is admitted.

2. Movant's Paragraph 2 is admitted.

3. BSI is without sufficient knowledge or information to form a belief regarding the averments in Movant's Paragraph 3 and therefore BSI denies the same.

4. Movant's Paragraph 4 is admitted. By way of further response, the Proof of Claim filed at Claims Register No. 5 was filed by the Debtor's attorney, not BSI. This is a written document, the contents of which speak for itself. As such, no response required.

5. Movant's Paragraph 5 is admitted in part and denied in part. BSI denies that the August 17, 2018 statement attached to Movant's Motion showed a current monthly payment amount of $825.36. This statement showed that BSI had received a payment from the Debtor in

the amount of $825.36 and it further detailed how this payment was applied.  This statement further outlined the currently monthly payment due under this obligation of $1,691.16 consisting of $181.74 Principal, $347.12 Interest and $1,162.03 Escrow.  By way of further response, BSI admits that this statement conflicted with the terms of the Debtor's confirmed Ch. 13 Plan and BSI agrees that the monthly mortgage payment due under this plan should have been $825.36.  BSI is in the process of rectifying this account to show the correct monthly payment amount to and through the date that BSI filed a Notice of Mortgage Payment Change (the "PCN").

6. Movants' Paragraph 6 is admitted.

7. Movant's Paragraph 7 is admitted in part and denied in part.  BSI admits that the PCN showed a prior escrow payment of refers to a written document, the contents of which speak for itself. As such, no response required. To the extent a response may be required, Movants' assertions are denied.  By way of further answer, the monthly mortgage statements provided to Movants by BSI demonstrate that the post-petition arrears are the result of delinquencies on post-petition monthly payments due on this claim that have not been paid by Movants.

8. Movants' Paragraph 8 is admitted in part and denied in part.  BSI admits that they provided monthly mortgage statements to debtor's counsel and that they failed to file a Notice of Mortgage Payment Change, BSI denies that these statements reflected any alleged increase in the monthly mortgage payment amount.  The amount listed in these statements was what should have been the correct monthly mortgage payment amount going back to the inception of the Bankruptcy.  BSI admits, however, that these statements were inaccurate to the extent that they did not reflect the monthly mortgage payment outlined in Debtor's schedules and the Debtor's confirmed chapter 13 Plan and BSI concedes that the monthly mortgage payment of $825.36 is

the correct monthly mortgage payment amount from the date this bankruptcy was filed through the date that the July 10, 2019 Payment Change Notice became effective.

9. Movants' Paragraph 9 is admitted. By way of further response this servicing transfer notice was issued by BSI in error and BSI in fact continues to service this account.

10. Movants' Paragraph 10 is admitted in part and denied in part. BSI admits that they have continued to send mortgage statements to Debtor's counsel. BSI denies that these statements were being sent despite a mortgage servicing transfer. As indicated in Paragraph 9 of this response, BSI remains the servicer of this account.

11. Movants' Paragraph 11 is denied. BSI denies engaging in any fraudulent action before this Court as a part of this bankruptcy action. When the Motion for Relief from Stay was filed BSI believed that a significant delinquency existed for this account because of the accounting error described herein.

12. Movants' Paragraph 12 is denied. BSI concedes that the monthly mortgage payment of $825.36 is the correct monthly mortgage payment amount from the date this bankruptcy was filed through the date that the July 10, 2019 Payment Change Notice became effective and that the total pre-petition arrears balance should be reduced to $30,000.00 to match the provisions of the Debtor's confirmed Ch. 13 Plan.

13. Movants' Paragraph 13 contains no allegations to which a responsive pleading is required.

WHEREFORE, Respondent BSI Financial Services respectfully requests that this Honorable Court deny Movants' Objection to Postpetition Claim for Mortgage Fees, Expenses and Charges.

|  |  |
|---|---|
| Respectfully submitted, | Mester & Schwartz, P.C. |
| | */s/ Jason Brett Schwartz* |
| | Jason Brett Schwartz, |
| | Esq. Pa. I.D. # 92009 |
| | 1333 Race Street |
| | Philadelphia, PA 19107 |
| | Phone: (267) 909-9036 |
| | Email: jschwartz@mesterschwartz.com |
| | |
| | *Attorney for Movant* |